IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY CASTANEDA, <br><br> Plaintiff, <br><br> v. <br><br> GARDEN GROVE POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | NO. SA CV 21-1892-FMO (AGR) <br><br> ORDER DISMISSING ACTION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), and Plaintiff's filing dated January 22, 2025 (Dkt. No. 495). The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.

The Report recommends dismissal of the Second Amended Complaint, in which Plaintiff alleges excessive force by the police, with leave to amend only as to individual capacity claims against Defendant DaRe. (Dkt. No. 493.) Plaintiff's filing has been liberally construed as objections and have been reviewed *de novo*. (Dkt. No. 495.)

In his objections, Plaintiff argues that Defendants are "criminals"; that Plaintiff must be declared the "master" of all the nations in the world with the power to torture and kill; and that he is entitled to 999 "zillion" euros, "times 999 zillion tons of pure gold and pure platinum, every second that passes for eternity, in a U.S. bank account under [his] name." (Dkt. No. 495 at 2-4.) The objections are of the same nature as hundreds of "letters" that Plaintiff has filed that are unintelligible, nonsensical, or abusive. (Dkt. Nos. 28-48, 49-66, 71-80, 83-97, 99-120, 121-58, 160-73, 174-97, 200-458, 463-67.) Because the objections are not responsive to anything in the Report, they are overruled.

Moreover, given the incoherent nature of these filings, it does not appear to any reasonable likelihood that Plaintiff can state a claim for supervisory liability against Defendant DaRe. Plaintiff has already amended his complaint twice, and the only thing Plaintiff has alleged about Defendant DaRe is that he is the Chief of Police. (Dkt. No. 11 at 4.) Plaintiff responded to the Magistrate Judge's careful and detailed findings about Defendant DaRe with only nonsensical objections. (Dkt. No. 495.) Plaintiff has suggested no connection between Defendant DaRe and the alleged events of this action. Thus, Plaintiff's objections to the Report "are sufficiently unintelligible that it is clear that leave to amend would not result in a cognizable claim." *Miles v. Inguanzo*, 2024 WL 1160145, at *1 (E.D. Cal. Mar. 18, 2024) (unintelligible objections to Magistrate Judge's report warranted denial of leave to amend as futile); *see also Jones v. United States*, 2024 WL 5263755, at *1 (W.D. Wash. Dec. 30, 2024) (same); *Provino v. Mendez*, 2021 WL 5851451, at *2 (D. Nev. Dec. 8, 2021) (same). Thus, the Second Amended Complaint is dismissed without leave to amend.

Finally, in light of the abusive nature of Plaintiff's numerous filings, dismissal is also warranted on the alternative ground of maliciousness. Because Plaintiff litigated this action under the Prison Litigation Reform Act ("PLRA"), this action may be dismissed as malicious "at any time." 28 U.S.C. § 1915(e)(2)(B)(i); *see also Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024) (under the PLRA,

*sua sponte* dismissal may occur "at any time"). Plaintiff's numerous filings have been nonsensical, incoherent, and disrespectful to the parties, Judges, and countless other individuals. Because these filings easily qualify as malicious, *sua sponte* dismissal of this action is warranted. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) (courts have inherent power to impose respect and decorum, and to fashion sanctions for abuse of judicial process); *TeleVideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir.1987) (*per curiam*) ("Courts have inherent equitable powers to dismiss actions for . . . abusive litigation practices."); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("disrespectful references to the court" qualify as malicious); *Theriault v. Silber*, 574 F.2d 197, 197 (5th Cir. 1978) (documents with disrespectful and insulting references are subject to summary dismissal for being beneath the dignity of the court).

IT IS ORDERED as follows:

(1) Defendants' motion to dismiss the Second Amended Complaint ("SAC") is GRANTED (a) without leave to amend as to individual capacity claims against Defendant DaRe; and (b) without leave to amend as to Defendants Garden Grove Police Department, the City of Garden Grove, and the official capacity claims against DaRe;

(2) Plaintiff's motion to strike the Defendant's motion to dismiss the SAC is DENIED (Dkt. No. 474);

(3) Plaintiff's "legal power" motion to "find all of the defendants guilty" (Dkt. No. 475), motion for final judgment in his favor (Dkt No. 470), and motions to enforce judgment are DENIED (Dkt. Nos. 490-491);

(4) Plaintiff's motion to go to trial is DENIED (Dkt. No. 492); and

(5) Judgment will be entered dismissing this action with prejudice.

DATED: February 13, 2025               _____/s/_____
                                        FERNANDO M. OLGUIN
                                        United States District Judge